## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RAY ANTHONY PATRICK | * |
| Plaintiff | * |
| v | *     Civil Action No. PJM-11-3591 |
| J. WHITE et al. | * |
| Defendants | * |
| | *** |

## MEMORANDUM

Pending is a Motion to Dismiss or for Summary Judgment filed on behalf of Defendant J. Long.[1]  ECF No. 23.  Plaintiff was advised of his right to file a Response in Opposition and of the consequences of failing to do so, but failed to oppose the motion.  ECF No. 26.  Plaintiff has instead filed a Motion to Withdraw the Complaint seeking dismissal of his claims without prejudice.  ECF No. 35. Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2011).

### Background

Plaintiff Ray Anthony Patrick ("Patrick") alleges that on December 7, 2010, he gave his case manager, Mr. J. White, legal documents to photocopy and return to him.  At the time Patrick was assigned to administrative segregation at North Branch Correctional Institution (NBCI) and was required to obtain copies through his case manager.  Patrick maintains the legal documents he requested copied included an affidavit signed by another inmate, Kenneth Robinson #214931, which he planned to use as "newly discovered evidence" to support a claim of actual innocence he was preparing to file in state court to challenge his criminal conviction. ECF No. 1 at p. 5.  In addition to the Robinson affidavit, Patrick claims he provided an Office of Administrative Hearings decision in an Inmate Grievance Office (IGO) case concerning another inmate, John

---

[1] Also pending are Plaintiff's Motions for Summary Judgment.  ECF No. 15 and 32.  His first motion essentially restates the claims stated in the Complaint and the second asserts entitlement to judgment in his favor because Defendants failed to oppose the first motion.  Both motions will be denied.

Artis; an affidavit signed by inmate Jeffrey Hammond; and a Notice of Inmate Rule violation and adjustment hearing report.[2] *Id*.

On December 8, 2010, White returned Patrick's legal documents except for the four noted. Patrick was told that the four documents were not returned because White had determined that Patrick was not the owner of those documents since his name was not on them. Although Patrick protested and explained he was the owner of all the documents, White did not return them and he did not give Patrick a record or receipt of the confiscated documents. ECF No. 1 at p. 5.

On December 10, 2010, Patrick filed a Request for Administrative Remedy (ARP) with Warden Shearin regarding the failure to return the four legal documents. Shearin approved White's decision not to return the documents to Patrick. ECF No. 1 at p. 6 and Ex. 1. Patrick appealed the decision to the Commissioner of Correction who initially overturned Shearin's decision, finding the rationale for Patrick's papers not being returned unwarranted and instructing the warden to return Patrick's copies to him. ECF No. 1 at Ex. 1, p. 6. Approximately three months after the Commissioner's initial response, an amended response was provided indicating that an investigation revealed that not all of the paperwork Patrick had submitted for copying belonged to him. The warden was instructed to return Patrick's copies to him and return documents belonging to other people to the rightful owners. *Id*. at p. 7.

Patrick states that the Robinson affidavit is important because it exonerates him of his criminal conviction. He explains Robinson was his co-defendant and the two men had a joint jury trial. Robinson did not testify, but provided in his affidavit that he told his trial attorney he wanted to testify at trial. Robinsons' affidavit provided that his planned testimony at trial was that he "only participated in the robbery of Melvin Lee on October 7, 1990," but had no

---

[2] The adjustment documents concerned yet another inmate.

knowledge that the person with whom he committed the robbery intended to shoot Lee after the robbery was completed. Additionally, Robinson was prepared to testify that he did not know Patrick and was not with Patrick on October 7, 1990, when Lee was being robbed. Robinson further averred that his attorney told him he could not testify to the matters stated and that if he did she would withdraw from representing him at trial. Robinson did not testify and told Patrick about what transpired between him and his attorney in 1993 when both men were at the Maryland Penitentiary. ECF No. 1 at p. 9.

Patrick further states that he did not testify at his criminal trial; there was no evidence that he and Robinson knew each other; and there was no evidence presented that Robinson committed the robbery alone. Evidence presented at trial, according to Patrick, established that he and Robinson robbed Lee together and, afterward, Robinson left and Patrick shot and killed Lee. One witness was presented to establish the facts surrounding the crime and Patrick asserts that Robinson's testimony was exculpatory evidence which would have changed the course of the trial. Patrick further states that he could not use the new evidence regarding Robinson's proposed testimony to secure a new trial in his 2003 petition for post-conviction relief "because of Md. Rule 4-331(c)."[3] ECF No. 1 at pp. 9 – 10. Patrick concludes that the confiscation of the

---

[3] Md. Rule 4-331(c) concerns newly discovered evidence and provides:

> The court may grant a new trial or other appropriate relief on the ground of newly discovered evidence which could not have been discovered by due diligence in time to move for a new trial pursuant to section (a) of this Rule:
> (1) on motion filed within one year after the date the court imposed sentence or the date it received a mandate issued by the Court of Appeals or the Court of Special Appeals, whichever is later;
> (2) on motion filed at any time if a sentence of death was imposed and the newly discovered evidence, if proved, would show that the defendant is innocent of the capital crime of which the defendant was convicted or of an aggravating circumstance or other condition of eligibility for the death penalty actually found by the court or jury in imposing the death sentence;
> (3) on motion filed at any time if the motion is based on DNA identification testing not subject to the procedures of Code, Criminal Procedure Article, § 8-201 or other generally accepted scientific techniques the results of which, if proved, would show that the defendant is innocent of the crime of which the defendant was convicted.

Robinson affidavit prohibited him from asserting what would have been a meritorious claim for "Actual Innocence relief" under Md. Code Ann. Crim. Proc. §8-301 *et seq*. ECF No. 1 at pp. 6 and 10.

### Standard of Review

#### Voluntary Dismissal

Federal Rule of Civil Procedure 41(a) permits voluntary dismissal of an action without prejudice "at any time before service by the adverse party of an answer or of a motion for summary judgment." "The rule is designed to permit a disengagement of the parties at the behest of the plaintiff only in the early stages of a suit, before the defendant has expended time and effort in the preparation of his case." *Armstrong v. Frostie Co.*, 453 F. 2d 914, 916 (4th Cir. 1971). After a motion for summary judgment is filed, dismissal without prejudice is within the discretion of this Court. Fed. R. Civ. Proc. 41(a)(2). In the instant case Defendants have filed a dispositive motion together with exhibits and have been required to expend resources defending this action. Thus, this Court concludes that dismissal without prejudice is not appropriate in this case.

#### Summary Judgment

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

**Analysis**

Prisoners have a constitutionally protected right of access to the courts. *Bounds v. Smith*, 430 U. S. 817, 821 (1977). However:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U. S. 343, 355 (1996).

"Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated

challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997) *quoting Lewis*, 518 U.S. at 355. "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis v. Casey*, 518 U.S. 343, 349 (1996).

Defendants admit that certain documents were taken from Patrick and were not returned because they did not belong to him. ECF No. 24 at Ex. 1, p. 2. However, they deny Patrick's documents included declarations or affidavits from Kenneth Robinson or Jeffrey Hammonds. *Id*. Specifically, the OAH decision Patrick claimed he received from a prison library appeared to be the original copy, with an original signature that is ordinarily provided to the inmate who was involved in the case and the notice of infraction was clearly the copy given to the inmate who was charged with the rule violation. Consequently, those documents were returned to the inmates who were the rightful owners.

Defendants further state that Patrick litigated this claim before the IGO and the case was referred to the OAH for an evidentiary hearing. Patrick and Defendant J. White testified. ECF No. 1 at Ex. 2. Based on the testimony provided, the Administrative Law Judge found that:

> [Patrick] did not present any receipt or other documentation to confirm which documents he submitted to Mr. White. Absent such documentation, I find Mr. White's testimony more credible than [Patrick's] and determine that Mr. White received two documents and that he returned or is returning those documents to their owners.

*Id*. at p. 5. Patrick's grievance was found be without merit. *Id*. at p. 6.

Once an issue of fact or law has been determined in a judicial or quasi-judicial proceeding, that determination should not be subject to re-litigation in a second suit, on the same or a different cause of action, involving one of the parties. *See Allen v. McCurry*, 449 U.S. 90,

94 (1980); see also *Wool v. Maryland-National Capital Park & Planning Comm'n*, 664 F. Supp. 225, 229 (D. Md. 1987).  Preclusive effect is permitted for the issue regarding whether Patrick gave the two affidavits to White.  Without evidence that Patrick was deprived of important documents required to mount a challenge to his criminal conviction, there is no actual injury to his constitutional right of access to the courts.  Patrick has not sufficiently alleged a claim regarding his need for possession of documents belonging to other inmates.  Defendants are entitled to summary judgment, which shall be granted by separate Order which follows.

October 1, 2012

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE